602 P.2d 514

**Eva HERRERA, Plaintiff/Appellant,**

**v.**

**Bill JAMIESON, Director of the Arizona Department of Economic Security, Defendant/Appellee.**

**No. 2 CA–CIV 3186.**

Court of Appeals of Arizona, Division 2.

Oct. 25, 1979.

Southern Arizona Legal Aid, Inc. by Nancy J. Tyson, Tucson, for plaintiff/appellant.

Robert K. Corbin, Atty. Gen. by C. Eileen Bond, Asst. Atty. Gen., Phoenix, for defendant/appellee.

## OPINION

HOWARD, Judge.

This is an appeal from a decision terminating general assistance payments. The issue is whether A.R.S. Sec. 46–233(A)(3) and the regulations promulgated thereunder contain ascertainable standards for administering the program. We affirm.

Appellant is a 58-year-old woman who received general assistance benefits from the Arizona Department of Economic Security for approximately four years. In March 1978, she was notified that her grant of $104 per month would be terminated because she was no longer unemployable. This was pursuant to DES Regulation R6–3–720 that requires a redetermination of eligibility at least once every six months. Appellant had been examined by Dr. Schnabel on March 7, 1978 and he found that her complaints were bronchial asthma and a hiatal hernia. He noted that she received medication for both. The hernia seemed to cause her little trouble and the asthma was only intermittent, worsening during the summer and when she was under stress. Accordingly, he indicated that she was capable of work with certain restrictions such as avoiding fumes and dust, lifting over 15 pounds, climbing ladders, reaching overhead and other similar activities and conditions that seemed to aggravate her asthma or hernia.

Based on Dr. Schnabel's report the DES medical consultant found that appellant was capable of some types of work and was mainly unimpaired. The notice of termination of benefits was sent March 28, 1978.

Appellant requested a hearing. She was examined by a second physician whose determinations were very similar. The medical consultant again found that she was capable of working, this time specifying that she could work ½ time at certain tasks such as light housework, cooking, sewing sitting as a companion and similar activities.

In May 1978 the hearing was held. Appellant testified as to her condition and work experience and the two medical examinations as well as her case history were made part of the record. Following the hearing the finding of the medical consultant was upheld by the Director of the Department of Economic Security.

This appeal is from the refusal of the superior court to reverse the decision of DES as an unconstitutional deprivation of her rights without due process of law. Appellant contends that the statute creating the general assistance program and the regulations implementing it are invalid on their face because they fail to establish an ascertainable standard for evaluating eligibility thereby violating the due process clause of the Fourteenth Amendment of the United States Constitution.

It is beyond question that if a state deprives a person of a protected entitlement it must do so with due process of law. *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); *Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970).

One of the requirements of due process is that there be ascertainable standards on which the decision to grant or withhold the entitlement is based. This prevents the arbitrary exercise of power by

the officials charged with administering the entitlements. *Holmes v. New York City Housing Authority*, 398 F.2d 262 (2nd Cir. 1968); *Hornsby v. Allen*, 326 F.2d 605 (5th Cir. 1964); *Baker-Chaput v. Cammett*, 406 F.Supp. 1134 (D.N.H.1976). While appellant relies on these cases, they support the proposition that A.R.S. Sec. 46–233 and the DES regulations promulgated pursuant thereto are valid. In all three cases there was a complete lack of any standard for the administration of the program or licensing involved, allowing the officials to substitute caprice for factors that would have made the decision fair and the basis ascertainable to interested persons. Such is not the effect of the regulations and statute here.

Section 46–233(A)(3) provides that a person shall be eligible for general assistance benefits if he or she is "not employable according to the findings of the state department." This language contemplates that the department is to make a determination in each case as to the employability of the potential recipient. DES regulation R6–3–701 restates the statutory purpose in this manner, "To provide financial assistance to an eligible applicant who: A. Is physically or mentally incapacitated to the degree he is unemployable . . ." Unemployability is defined by DES regulation 3–707A.2 which states, "If a person works, he is ineligible. If the Medical Consultant determines he is capable of working, he is ineligible."

The standard and the methods for ascertaining it could not be clearer.

Affirmed.

RICHMOND, C. J., and HATHAWAY, J., concur.