759 P.2d 650

James JANUSZ, Appellant,

v.

**ARIZONA DEPARTMENT OF ECONOMIC SECURITY, an agency, Appellee.**

**No. 1 CA–UB 572.**

Court of Appeals of Arizona, Division 1, Department B.

Aug. 4, 1988.

Community Legal Services by Dianne L. Post, Mesa, for appellant.

Robert K. Corbin, Atty. Gen. by Frank Sagarino, Asst. Atty. Gen., Phoenix, for appellee.

## OPINION

HAIRE, Judge.

This is an appeal from an Unemployment Insurance Appeals Board decision denying the appellant-employee's (claimant's) request pursuant to A.R.S. § 23–787 for a waiver of his obligation to repay unemployment insurance benefits that were paid to him in error. We consider whether the board abused its discretion in denying the waiver.

The claimant was initially determined to be eligible for unemployment compensation when he was terminated from his employment. He received payments totaling $945 before the decision finding him to be eligible for unemployment benefits was reversed. He requested that the $945 overpayment be waived pursuant to A.R.S. § 23–787.

His request was initially denied by a deputy of the Department of Economic Security. *See generally* A.R.S. § 23–773. Following a hearing, an appeal tribunal affirmed the deputy's denial. *See generally* A.R.S. § 23–671 (Supp.1987). The decision of the appeal tribunal was in turn affirmed by the appeals board and the claimant has appealed to this court from the board's affirmance of its decision upon review. *See generally* A.R.S. § 23–672 (Supp.1987).

Arizona Revised Statutes § 23–787(A) provides that persons who receive unemployment insurance benefits to which they are not entitled are obligated to repay the amounts in question.[1] Subsection (C) of

---

1. Section 23–787(A) provides as follows:

   "A. A person who receives any amount as benefits under this chapter to which he is not entitled is liable to repay the overpaid amount to the department. The department may deduct all or a portion of the overpayment from future benefits payable to the person under this chapter."

the statute provides that the Department of Economic Security may waive repayment of benefits received without fault on the claimant's part where repayment would defeat the purposes of the Employment Security Act or be against equity and good conscience.[2]

It is uncontested that the $945 overpayment was not the result of any fault on the claimant's part. He argues that requiring repayment from him is not in keeping with the principles of equity and good conscience because he has no assets, is deeply in debt, and has little prospect of improving his financial situation in the near future. He therefore contends that the board abused its discretion by denying his request for a waiver. He also contends that the board violated his right to due process by basing its decision on facts contrary to those established by the record and that it exceeded its statutory authority by deferring repayment instead of waiving it.

■ Our review of an administrative agency's decision is limited to determining whether the decision is supported by substantial evidence and is within the range of permissible agency dispositions. *Taylor v. Arizona Law Enforcement Merit System Council,* 152 Ariz. 200, 202, 731 P.2d 95, 97 (App.1986). In conducting our review, we will examine the record to determine whether the decision was unreasonable in that it was made without any consideration of the facts and circumstances involved. *Id.* However, we will not reweigh the evidence. *Id.*

As an initial matter, we note that the claimant's due process argument is based upon his contention that the appeals board deprived him of a fair hearing by failing to review the record made before the appeal tribunal or by disregarding the evidence contained in that record. In support of this contention, he identifies statements in the board's initial decision that he maintains are contrary to the evidence presented to the tribunal. He contends that the decision

erroneously stated that he owned a house and that he had failed to present evidence to the tribunal establishing the specific amount of his indebtedness.

■ In the memorandum accompanying his request that the appeals board review its decision, the claimant directed the board's attention to the portions of the record before the tribunal which he believed demonstrated that he had no assets to liquidate and established the approximate amount of his indebtedness. The board acknowledged the claimant's "grave" financial situation in its decision upon review and noted that it had taken this situation into consideration in recommending that repayment be deferred until the appellant obtained full-time employment. Under these circumstances, we find no merit in the claimant's assertion that the appeals board disregarded the evidence before it.

The appeal tribunal found that "[r]epayment in a lump sum would not be currently feasible for the claimant." The appeals board adopted the tribunal's findings of fact, reasoning, and conclusions of law as its own. In doing so, it noted that the claimant's daily living expenses exceeded the income from the part-time employment that he had secured and that his overall financial situation was "grave."

As both the tribunal and the board recognized, it would not have been in keeping with the principles of equity and good conscience to require the claimant to repay the $945 immediately. The claimant argues that the board was therefore required to grant his request for a waiver because A.R.S. § 23–787 does not authorize the board to defer repayment obligations.

■ We do not agree that the board's options under A.R.S. § 23–787 are limited to securing immediate repayment or granting a requested waiver. The board apparently has a practice of allowing claimants to enter into agreements to repay the

---

**2.** Section 23–787(C) provides as follows:

"C. If benefits to which a person is not entitled are received without any fault on his part and if repayment or deduction from fu-

ture benefits would either defeat the purpose of this chapter or be against equity and good conscience, the department may waive all or a portion of the amount overpaid."

amounts they owe in small, regular installments. *See* Arizona Administrative Code R6–3–1812(A)(2) (Supp.1982). While neither repayment agreements nor repayment deferrals are specifically authorized by the statute, we believe that the statutory grant of authority is broad enough to encompass both procedures.

A statutory grant of authority may be either express or implied. *Cracchiolo v. State,* 146 Ariz. 452, 457, 706 P.2d 1219, 1224 (App.1985). Section 23–787 is part of the Employment Security Act. *See generally* A.R.S. §§ 23–601 to 799. The Act's purpose, as set forth in A.R.S. § 23–601, is to alleviate the economic insecurity that attends unemployment by encouraging employers to provide stable employment and by systematically accumulating funds to provide benefits during periods of unemployment.

In our opinion, the statutory scheme implicitly authorizes the Department of Economic Security to establish whatever procedures are necessary to insure that claimants will receive the unemployment benefits to which they are entitled. An interpretation requiring the Department to waive repayment by ineligible claimants whenever such claimants are financially incapable of making immediate repayment would be inconsistent with the Act's stated legislative goals.

As a practical matter, the Department may informally defer repayment obligations by failing to initiate collection proceedings when immediate repayment is not forthcoming. We do not believe that the statute itself, the Employment Security Act as a whole, or the principles of equity and good conscience prohibit the Department from formally deferring repayment in appropriate circumstances.

However, we note that, as a general principle of administrative law, the promulgation of rules and regulations of general applicability is to be favored over the generation of policy in a piecemeal fashion through individual adjudicatory orders.

*Arizona Corporation Commission v. Palm Springs Utility Company,* 24 Ariz. App. 124, 128, 536 P.2d 245, 249 (1975). Arizona Revised Statutes § 41–1954(A)(3) (Supp.1987) authorizes the Department of Economic Security to "[a]dopt rules and regulations it deems necessary or desirable to further the objectives and programs of the department." In our opinion, the promulgation of regulations governing repayment agreements and deferrals would be appropriate. *See, e.g.,* 7 C.F.R. § 273.18(d)–(g) (1987) (federal regulations for collecting overpayments of food stamp benefits.)

As we have noted, there is substantial evidence in the record to support the board's determination that the claimant is financially incapable of making a lump sum payment or beginning installment payments at the present time. However, there is also substantial evidence to support the board's determination that the claimant's current "grave" financial condition is a temporary one. The claimant is thirty-nine years old. His work history includes employment as a machinist for six years, as a warehouseman for five years, as a salesman for four years, and as a carpenter and electrician's helper for one year. Given the claimant's age and his previous employment history, we cannot find that the board abused its discretion in deciding that "repayment in small amounts on a regular basis when the Claimant becomes re-employed full-time would not be against equity and good conscience."

The decision of the appeals board is affirmed.

GREER, P.J., and CORCORAN, J., concur.