893 P.2d 1304

**David D. SALAS, Appellant,**

v.

**ARIZONA DEPARTMENT OF
ECONOMIC SECURITY,**
Appellee.

**No. 1 CA–UB 94–0025.**

Court of Appeals of Arizona,
Division 1, Department A.

April 25, 1995.

Southern Ariz. Legal Aid, Inc. by Erika Anne Kreider, Tucson, for appellant.

Grant Woods, Atty. Gen. by Sherry Murray Klein, Asst. Atty. Gen., Phoenix, for appellee.

## OPINION

GARBARINO, Judge.

David D. Salas (claimant) appeals a decision of the Appeals Board of the Arizona Department of Economic Security (DES) that affirmed earlier DES decisions denying his request to waive recoupment of overpaid unemployment benefits. Claimant requests that this Court reverse the decision of the Appeals Board, and urges that DES be ordered to promulgate rules implementing the waiver program.

We find that claimant was denied due process of law by DES's failure to give him timely notice of its intent to recoup. Further, we find that the consent decree entered by DES in federal court, together with Ariz. Rev.Stat.Ann. (A.R.S.) section 23–787, now adequately address due process.

## FACTS AND PROCEDURAL HISTORY

In 1987 claimant applied for and was paid unemployment benefits until the Administrative Law Judge (ALJ) reversed the deputy's decision. DES then issued a notice and determination of overpayment of $1,344 on August 12, 1987.[1]

1. Claimant asserts that, although he was aware

On May 16, 1990, claimant again applied for unemployment benefits. After a hearing on June 26, 1990, he was determined to be eligible. These benefits were never received by claimant because they were intercepted by DES and applied to the 1987 overpayment. Claimant inquired about his benefits and was informed they had been intercepted.

Claimant then made a request, which was denied, to waive recoupment of the $1,344 overpayment. Subsequently, at claimant's request, the ALJ conducted an evidentiary hearing in which claimant testified that his net pay was $500 per month and his wife earned $200 per week, he was living with his parents and paying $200 rent each month, he had eliminated $5,000 debt since 1987, he owned a 1979 Ford LTD free of lien, and other than his ordinary living expenses his only bills were for his son's dentist and educational books. The ALJ affirmed the deputy's denial of the waiver.

The Appeals Board affirmed the decision of the ALJ denying the waiver of recoupment. Claimant then filed a petition for further review, and the Appeals Board issued a decision addressing each of claimant's arguments and reaffirming its prior decision. Claimant timely appeals that decision to this Court.

## ISSUES

I. Does claimant have standing to challenge the constitutionality of A.R.S. section 23–787?

II. Did intercepting benefits without notice violate claimant's due process rights?

III. Did the lack of administrative regulations for A.R.S. section 23–787(C) violate claimant's due process rights?

## DISCUSSION

I. *STANDING*

DES contends that claimant lacks standing to challenge the constitutionality of A.R.S. section 23–787. DES presents the following hypothetical in support of its contention: "Perhaps, some claimant, has been or might

of the overpayment, he never saw the notice.

be harmed by DES's practice of considering a claimant's financial circumstances at the time he requests waiver, instead of at the time recoupment is made in application of A.R.S. § 23–787(C)." DES asserts that "[n]o such person is presently before the Court." We disagree.

"In order to possess standing to assert a constitutional challenge, an individual must himself have suffered 'some threatened or actual injury resulting from the putatively illegal action.'" *State v. Herrera,* 121 Ariz. 12, 15, 588 P.2d 305, 308 (1978) (quoting *Warth v. Seldin,* 422 U.S. 490, 499, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975)), *cert. denied,* 441 U.S. 949, 99 S.Ct. 2175, 60 L.Ed.2d 1054 (1979). A.R.S. section 23–787 provides in part:

> (A) A person who receives any amount as benefits under this chapter to which he is not entitled is liable to repay the overpaid amount to the department. The department may deduct all or a portion of the overpayment from future benefits payable to the person under this chapter.
>
> . . . .
>
> (C) If benefits to which a person is not entitled are received without any fault on his part and if repayment or deduction from future benefits would either defeat the purpose of this chapter or be against equity and good conscience, the department may waive all or a portion of the amount overpaid.

In reviewing A.R.S. section 23–787, this Court has determined that the Appeals Board may request immediate repayment, grant a waiver, permit the claimant to make small, regular installments, or defer payments. *See Janusz v. Arizona Dep't of Economic Sec.,* 157 Ariz. 504, 507, 759 P.2d 650, 653 (App.1988).

 Although claimant acknowledged that he was aware of the 1987 overpayment, he claims that he was not notified of the automatic recoupment of his 1990 benefits. Had he received prompt notification of the intent to recoup and a prompt hearing during the time he was unemployed, or shortly thereafter, he may have obtained a waiver or deferral. However, he did not receive his waiver hearing until November 1990, at which time he had been reemployed for several months. The Appeals Board considered claimant's circumstances as of the date the deputy denied the waiver request, and the Board affirmed denial of the waiver. The Board found that the time recoupment occurred was not the appropriate time for consideration. We agree, provided that notice and a hearing, if requested, are timely given. We find that, as a result of the lack of notice and opportunity to be heard, claimant suffered an injury and has standing to appeal.[2]

## II. *LACK OF NOTICE*

Claimant contends that his benefits were paid to a creditor, DES, without notice. He asserts that he was denied due process by DES intercepting his benefits without considering his ability to repay.

 "[I]f a state deprives a person of a protected entitlement it must do so with due process of law." *Herrera v. Jamieson,* 124 Ariz. 133, 134, 602 P.2d 514, 515 (App.1979). Procedural due process includes the right to notice and opportunity to be heard at a meaningful time and in a meaningful manner. *Fuentes v. Shevin,* 407 U.S. 67, 80, 92 S.Ct. 1983, 1994, 32 L.Ed.2d 556 (1972); *Goldberg v. Kelly,* 397 U.S. 254, 267, 90 S.Ct. 1011, 1020, 25 L.Ed.2d 287 (1970).

In *Goldberg,* welfare recipients of New York City alleged that their benefits were terminated or about to be terminated without prior notice and hearing, thereby denying them due process of law. 397 U.S. at 255–56, 90 S.Ct. at 1013–14. The United States Supreme Court found that welfare recipients receive procedural due process only if they are afforded a pre-termination evidentiary hearing. *Id.* at 264, 90 S.Ct. at 1018–19. The Court noted that "termination of aid pending resolution of a controversy over eli-

---

2. A separate question is whether claimant suffered an injury that is susceptible to present remedy. If he has by now fully repaid the overpayment, the question of deferral or adjustment of his repayment schedule is now moot. We reach the due process issue, however, despite the possibility of remedial mootness, because it is an issue of statewide importance and one that might otherwise elude review.

gibility may deprive an *eligible* recipient of the very means by which to live while he waits. Since he lacks independent resources, his situation becomes immediately desperate." *Id.*

■ ██ Similarly, withholding claimant's benefits without notice and a prior hearing deprived him of the means to live. We recognize that he was living with his parents; however, his wife's income was only $200 per week, and his loss of income required a reduction in his standard of living. Claimant was denied due process of law because he did not receive notice and an opportunity to be heard prior to DES intercepting his benefits. Claimant is entitled to a waiver determination based upon his financial status as it existed at the time DES commenced its effort to recoup.

## III. *LACK OF ADMINISTRATIVE REGULATIONS*

Claimant argues that interception of his benefits without regulatory authority violated his due process rights. Because we find claimant's due process rights were violated by lack of notice and opportunity to be heard, we need not address any alleged due process violation based upon the lack of rules in 1990.

██ We believe that due process now has been adequately addressed, both substantively and procedurally. At the time DES withheld claimant's benefits, A.R.S. section 23–787 permitted the full amount of benefits to be deducted by DES. However, that section was amended in 1991 and now limits deduc-

tions to twenty-five percent or fifty percent. *See* A.R.S. § 23–787(D) (1995). Further, DES entered into a consent decree in the United States District Court providing that it will promulgate regulations to meet due process standards for claimants. *Rivas v. Blessing,* CIV 92–056 GLO ACM. We assume that compliance is subject to federal court supervision and the regulations will be rendered accordingly. Because section 23–787 is now self-explanatory substantively and the consent decree adequately addresses procedural due process, we find that the issue regarding implementation of regulations is moot.

## CONCLUSION

██ We find that claimant was denied due process of law. We hold that DES was not entitled to recoupment until claimant received timely notice and an opportunity to be heard. We remand for a hearing to determine whether waiver, adjustment, or deferral is appropriate based upon claimant's circumstances as they existed at the time DES commenced its effort to recoup.

FIDEL, P.J., and WEISBERG, J., concur.