NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

JOHN D., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, T.D., A.D., C.D., H.D., B.D., A.D., H.D., A.D., *Appellees*.

Nos. 1 CA-JV 16-0137
1 CA-JV 16-0138
(Consolidated)
FILED 9-29-2016

---

Appeal from the Superior Court in Maricopa County
Nos. JD30200, JD30201
The Honorable Susanna C. Pineda, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By JoAnn Falgout
*Counsel for Appellee*

David W. Bell, Attorney at Law, Higley
By David W. Bell
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Andrew W. Gould delivered the decision of the Court, in which Judge Peter B. Swann and Judge Patricia A. Orozco joined.

---

**G O U L D**, Judge:

¶1        John D. ("Father") appeals from the juvenile court's order terminating his parental rights.  For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2        Father is the biological or adoptive father of eight children born to two mothers, neither of whom is a party to this appeal.  On March 26, 2015, Father allegedly engaged in an argument with his wife, the mother of five of the children, when she became upset over his physical abuse of one of the children.  During the argument, Father became enraged and allegedly stabbed his wife twenty times with a kitchen knife while seven of the children were present in the home; wife died from her wounds.  Father is currently incarcerated and awaiting trial for first-degree murder and other charges associated with the attack.

¶3        During the police and Department of Child Safety ("DCS") investigations following the murder, the children reported Father had repeatedly physically abused them.  The children stated that Father would slap and hit them, both with his hand and with a belt, to the point of leaving red marks, and that the abuse occurred on a weekly basis.  As a result, DCS filed dependency petitions as to all eight children.  DCS subsequently filed motions to terminate Father's rights to the children on the ground of willful abuse. Ariz. Rev. Stat. ("A.R.S.") section 8-533(B)(2).  The juvenile court scheduled a severance hearing for March 2-4, 2016.

¶4        On March 2, the first day set for the severance hearing, Father was ill and was not transported by the jail to court.  As a result, the juvenile court vacated the hearing scheduled for that day and March 3, but affirmed the hearing date of March 4.  However, the juvenile court advised Father's counsel that if Father did not appear for the March 4 hearing, she would find him in default and the hearing would proceed in his absence.

¶5        On March 4, Father again failed to appear and the jail notified the juvenile court he had "refused to be transported."  Father's attorney told

the court he had visited Father on March 3 and, based on that visit, he avowed to the court Father was too sick to attend the hearing. Father's counsel did not, however, present any medical records documenting Father's condition. The juvenile court ruled it would proceed with the hearing and make findings, but would not enter its final termination order "for a period of 20 days" to provide Father time to file a motion and produce medical evidence showing good cause for his failure to appear.

¶6        Father filed a "motion to set aside entry of default" on March 23, 2016. In his motion, Father asserted that based on his illness, there was good cause for his failure to appear at the termination hearing. Attached to the motion were medical records from the jail purporting to show that Father was too ill to appear at the hearing. On April 1, the State filed a motion opposing Father's motion to set aside the termination order.

¶7        On March 25, 2016, the juvenile court entered an order terminating Father's rights on the grounds of willful abuse pursuant to A.R.S. § 8-533(B)(2). The court concluded that, based on the testimony and evidence presented at the March 4 termination hearing, Father had physically abused the children and caused them to suffer emotional harm based on the March 26, 2015 stabbing/murder. The record is unclear as to whether the juvenile court had received Father's motion to set aside prior to entering its termination order.

¶8        In response to the termination order, Father filed a "motion for reconsideration to set aside entry of default," asserting the court had prematurely entered its termination order and had "inadvertently miscalculated the time that Father was permitted to file his written Motion." The court denied Father's motion for reconsideration, and Father timely appealed.

## DISCUSSION

### I.    Good Cause

¶9        Father admits he "was aware of the hearing date and time and knew that the court could proceed in his absence if he failed to attend the hearing without good cause." *See* Ariz. R. of Juv. Proc. 65(C)(6)(c) (stating that when a parent fails to appear at a severance hearing without good cause, the juvenile court may proceed if the court finds the parent "had notice of the hearing, was properly served pursuant to Rule 64 and had been previously admonished regarding the consequences of failure to appear . . ."). Rather, Father contends the juvenile court erred because,

based on his illness, he established good cause for his failure to appear at the hearing.

**¶10** To show good cause for failing to appear at a severance proceeding, "the moving party must show that (1) mistake, inadvertence, surprise or excusable neglect exists and (2) a meritorious defense to the claims exists." *See Christy A. v. Ariz. Dep't of Econ. Sec.*, 217 Ariz. 299, 304 & n.11, ¶¶ 15-16 (App. 2007).[1] We review the juvenile court's determination regarding good cause and the denial of a motion to set aside a termination order for an abuse of discretion. *Adrian E. v. Ariz. Dep't of Econ. Sec.*, 215 Ariz. 96, 101, ¶ 15 (App. 2007).

**¶11** The juvenile court acted within its discretion in determining Father's illness did not constitute good cause. Although Father showed that he was sick, apart from the avowals of his counsel, there is no medical record or report showing that he was too ill to appear at the severance hearing. Additionally, Father did not allege or attempt to show he had a meritorious defense to the allegations in the severance petition. To the contrary, Father's counsel advised the court at the severance hearing he was "95 percent sure" Father would not be contesting the severance.

**¶12** Accordingly, Father failed to establish good cause to set aside the termination order.

## II. Due Process

**¶13** Father argues the juvenile court denied him his due process by "prematurely making findings of fact without allowing [him] to present evidence" of his illness within the 20-day "timeframe . . . ordered by the court." Father asserts the "judge miscounted the allowable days for response and drafted a final order" before he was able to "timely respond."

---

[1] Father argues this standard is inappropriate because, "unlike a typical civil case covered in Rule 55, a termination proceeding involves a fundamental right and the court should not use the standard for 'civil default' when a fundamental right is at stake." However, Father cites no authority to support his position; we therefore decline to address it. *See* ARCAP 13(a)(7)(b) (stating argument shall contain citation to authority); Ariz. R.P. Juv. Ct. 106(A) (stating Rule 13, Ariz. R. Civ. App. P., applies to juvenile appeals); *see also Cullum v. Cullum*, 215 Ariz. 352, 355, ¶ 14 n.5 (noting appellate courts generally "will not consider argument posited without authority").

**¶14** The juvenile court entered its termination order on March 25, two days after it received Father's motion and one day after the 20-day deadline, i.e, 20 days after the March 4 severance hearing. Although it does appear the juvenile court mistakenly noted the deadline for Father's motion as "March 20, 2015" in its termination order, this apparent typographical error was harmless, as the court did not deny Father's motion as untimely. Instead, the court considered Father's motion on the merits and ruled that he had "failed to show good cause" for his failure to appear at the hearing. *See Salas v. Ariz. Dep't of Econ. Sec.*, 182 Ariz. 141, 143 (App. 1995) (stating that a party is provided procedural due process when it has been given notice and an opportunity to be heard at a meaningful time and in a meaningful manner). We find no error.

## CONCLUSION

**¶15** For the foregoing reasons, we affirm the juvenile court's order terminating Father's parental rights to the children.



AMY M. WOOD • Clerk of the Court
FILED: AA