NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

CITY OF CASA GRANDE, *Petitioner Employer*,

AZ MUNICIPAL RISK RETENTION POOL, *Petitioner Carrier*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

PETER BENZING, *Respondent Employee.*

No. 1 CA-IC 20-0017
FILED 12-22-2020

Special Action - Industrial Commission
ICA Claim No. 20190-220066
Carrier Claim No. BCLM WC000000073838
The Honorable Paula R. Eaton, Administrative Law Judge

**AFFIRMED**

COUNSEL

Jardine, Baker, Hickman & Houston, P.L.L.C., Phoenix
By Stephen C. Baker
*Counsel for Petitioner Employer/Carrier*

Industrial Commission of Arizona, Phoenix
By Gaetano J. Testini
*Counsel for Respondent*

Taylor & Associates, P.L.L.C., Phoenix
By Thomas C. Whitley, Nicholas C. Whitley
*Counsel for Employee*

---

## MEMORANDUM DECISION

Acting Presiding Judge David B. Gass delivered the decision of the Court, in which Judge Michael J. Brown and Judge Lawrence F. Winthrop joined.

---

**G A S S**, Judge:

**¶1**   This case concerns the ability of third-parties to attend hearings before the Industrial Commission of Arizona. The city of Casa Grande and the Arizona Municipal Risk Retention Pool (collectively, Casa Grande) appeal a Commission order allowing Senator Paul Boyer to attend Peter Benzing's workers' compensation hearings. Finding no abuse of discretion or legal error, we affirm the order.

### FACTUAL AND PROCEDURAL HISTORY

**¶2**   Benzing worked as a Casa Grande firefighter for ten years. In 2018, he was diagnosed with "an aggressive form of prostate cancer." He filed a workers' compensation claim alleging his cancer is an occupational disease. *See* A.R.S. § 23-901.01.B.2 (presumption certain cancers in firefighters "arise out of employment"). Casa Grande denied his claim.

**¶3**   Benzing requested a hearing to challenge the denial. He then requested permission for a union representative and Boyer to attend the hearing. In a letter to the Commission's Administrative Law Judge (ALJ), Benzing said he considered the union representative "a part of my extended family and would value his presence at my hearing."

**¶4**   Boyer is a cosponsor of two proposed amendments to § 23-901.01. Benzing's said he requested Boyer's presence because:

> There are obvious problems with the way the law has been written and Mr. Boyer would only benefit from observing the legal process to better understand why the intention of HB

> 2161 is getting dragged through the courts. He then can make an informed decision on how best to rewrite the bill so it can work as it was intended to.

Benzing also gave Boyer full access to the claim file. *See* A.A.C. R20-5-108.C (claimant may authorize non-party access to a claim file).

**¶5**        Casa Grande objected to Benzing's request. Though Casa Grande accepted the benefit of "having the union representative present for moral support," it saw no similar reason for Boyer's presence at the hearing. Casa Grande further argued Boyer's attendance "could be viewed as an improper attempt by the legislative branch to influence hearings at the Industrial Commission."

**¶6**        Counsel for Casa Grande concluded the opposition memorandum with the following concession:

> Therefore, I think the Administrative Law Judge is within her discretion to either allow the union representative or not to appear. In regard to Senator Boyer, I think it is also within the Administrative Law Judge's discretion as to whether or not Senator Boyer can attend, but I think his presence, whether accurate or not, creates the potential sense for undue influence.

**¶7**        With no controlling statute or rule, the ALJ looked to an Attorney General opinion, which states, "[W]here the countervailing interests of confidentiality, privacy or the best interests of the state should be appropriately invoked to prevent inspection . . . the officer or custodian may refuse inspection [of claim files]." *See* Op. Ariz. Att'y Gen. I86-090, 1986 WL 81279, at *4. The ALJ found "these same balancing factors should be applied when considering the attendance of non-parties at hearing."

**¶8**        Applying this balancing test, the ALJ noted Benzing "waived any privacy or confidentiality concerns regarding his personal employment or medical information." And Casa Grande "raised no objection that relates to [its own] privacy or confidentiality interests." The ALJ granted Benzing's request after concluding Boyer's "mere presence in the room does not constitute undue influence or the appearance of undue influence."

**¶9**        Casa Grande moved for review of the ALJ's order, arguing Boyer had "no identifiable interest . . . that would warrant allowing him to attend in detriment to [Casa Grande's] privacy interest." Casa Grande said, "[a]s a result of the adverse publicity generated by the Benzing case and

others," its first two expert witnesses withdrew from the case and "any other case involving [f]ire[f]ighters."

**¶10** Citing the same Attorney General opinion used by the ALJ, Casa Grande invoked a privacy interest in its new expert witnesses' "educational history, work history, salaries and fees for participating in [independent medical examinations]." It argued Boyer's attendance at the hearing could "subject[] both experts to unwarranted public attention and forc[e] them out of the arena for testifying in [f]ire[f]ighter cases."

**¶11** In response, Benzing argued the Attorney General's opinion spoke only of the claimant's privacy interests, which he voluntarily waived. Benzing also noted the information Casa Grande sought to protect is already publicly available because its experts have previously "created reports for, or testified in numerous cases."

**¶12** The ALJ affirmed her prior order, finding "[a]dverse publicity or the acts of third parties do not constitute sufficient reason to preclude Senator Boyer from attending." Casa Grande timely appealed. This court has jurisdiction under Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21.A.1, 23-951.A.

## ANALYSIS

**¶13** "This court deferentially reviews factual findings of the ALJ, but independently reviews any legal conclusions." *Young v. Indus. Comm'n*, 204 Ariz. 267, 270, ¶ 14 (App. 2003); *see also Janusz v. Ariz. Dep't of Econ. Sec.*, 157 Ariz. 504, 506 (App. 1988) (review of administrative agency decisions "is limited to determining whether the decision is supported by substantial evidence and is within the range of permissible agency dispositions.")

**¶14** Casa Grande first argues no "statute, rule or regulation . . . allows anyone other than interested parties to attend a hearing over another party's objection." But Arizona law grants the ALJ broad discretion over hearing procedures. Subsection 23-941.F provides "[e]*xcept as otherwise provided* in this section and rules of procedure established by the [C]ommission, the administrative law judge . . . may conduct the hearing in any manner that will achieve substantial justice." (Emphasis added.) Casa Grande cites no statute or rule prohibiting the attendance of third-parties at Commission hearings. Indeed, its initial opposition to Benzing's request conceded the ALJ has "discretion as to whether or not Senator Boyer can attend."

¶15 Casa Grande next argues the ALJ failed to consider adequately the competing interests implicated by Boyer's presence at the hearing. It essentially asks us to reweigh the evidence, which this court will not do. *See, e.g.*, *State v. Lee*, 189 Ariz. 590, 603 (1997) ("an appellate court will not reweigh the evidence"); *Janusz*, 157 Ariz. at 506 ("we will examine the record to determine whether the decision was unreasonable . . . [but] we will not reweigh the evidence"); *Merkens v. Fed. Ins. Co.*, 237 Ariz. 274, 279, ¶ 24 (App. 2015) ("We will not reweigh evidence on appeal.").

¶16 Here, the ALJ sought to balance "the countervailing interests of confidentiality, privacy [and] the best interests of the state." *See* Op. Ariz. Att'y Gen. I86-090, 1986 WL 81279, at *4. Contrary to Casa Grande's arguments, reasonable evidence supports the ALJ's order.

¶17 Casa Grande presented no evidence, beyond mere speculation, Boyer's presence would unduly influence, or appear to unduly influence, the ALJ's ultimate decision on the merits of Benzing's claim. Casa Grande also failed to provide any legal support for a purported privacy interest in its witnesses' educational information and work history. *But see id.* at *6 (discussing a privacy interest in "details of *the claimant's* work-related injury or disability, *the claimant's* medical history, [and] important facts concerning *a claimant's* employment history") (emphasis added).

¶18 In contrast, Benzing waived his confidentiality and privacy interests and provided concrete reasons for granting Boyer access to the full claim file and inviting him to the hearing. And Casa Grande does not explain how Boyer's presence will negatively impact its rights and interests while the attendance of Benzing's union representative will not.

¶19 In the absence of a statutory or regulatory prohibition, the Commission's ALJs have broad discretion over hearing procedures. *See* A.R.S. § 23-941.F. On this record, we find no abuse of that discretion.

**CONCLUSION**

¶20 The ALJ's order granting Boyer permission to attend Benzing's hearing is affirmed.