NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

CANDIDA CAMPILLO, *Appellant,*

*v.*

ARIZONA DEPARTMENT OF ECONOMIC SECURITY, an Agency,
*Appellee.*

No. 1 CA-UB 22-0091
FILED 11-2-2023

---

Appeal from the A.D.E.S. Appeals Board
No. U-1742968-001-B

**REVERSED**

---

COUNSEL

Greenberg Traurig LLP, Phoenix
By Matthew P. Hoxsie, Jorge Coss
*Counsel for Appellant*

Arizona Attorney General's Office, Mesa
By Emily M. Stokes
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

Judge Anni Hill Foster delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Kent E. Cattani joined.

---

**F O S T E R**, Judge:

¶1 Candida Campillo appeals the decision of the Arizona Department of Economic Security ("ADES") Appeals Board denying her application for Pandemic Unemployment Assistance ("PUA"). Campillo alleges that the Board failed to consider all evidence presented and abused its discretion in denying her claim. For the reasons that follow, this Court reverses.

**FACTS AND PROCEDURAL HISTORY**

¶2 Campillo filed for PUA benefits in June 2020. As part of her application, she self-certified that she lost her job due to COVID-19 and that her child's school had closed due to the pandemic, so she had to stay home with him.

¶3 ADES case notes show that in late 2020, Campillo's account was flagged as a "potential fraudulent claim." ADES apparently identified Campillo's application as fraudulent because there were several unsuccessful attempts to log into her online account, and it appeared that her application was sent from a foreign IP address. But ADES investigated the issues and in May 2021, the issue of use of an "[o]ut of country IP address" was resolved. ADES staff also discussed with Campillo her lack of documentation relating to her last employer and the reason for losing her job. In response, Campillo submitted a utility bill showing her Arizona address and a letter from her former employer stating that he had to lay her off in March 2020 because the pandemic caused his business to shut down. The record also contains a completed Employers Response form signed by a company manager stating that Campillo had been laid off in March 2020.

¶4 In May 2021, the day after the IP address issue was resolved, ADES issued a Pandemic Unemployment Disqualifying Determination ("Deputy Determination") stating that after review of Campillo's claim, she was ineligible for PUA because she "filed [her] PUA claim from outside of the United States or U.S. Territories." The Deputy Determination cited the

following legal authority in support: A.R.S. § 23-644 (allowing Arizona to enter into reciprocal arrangements relating to unemployment benefits with other states or the federal government); 26 U.S.C. § 3304(a)(9)(A) (relating to the Federal Unemployment Tax Act and authorizing the U.S. Secretary of Labor to approve state laws submitted to that official that do not deny or reduce compensation to someone who files in another state or certain contiguous countries or who resides in another state or adjacent country); and the Coronavirus Aid, Relief, and Economic Security ("CARES") Act § 2102 (the PUA portion of the CARES Act). The effective date of disqualification was retroactive to April 26, 2020.

¶5            Campillo challenged the May 2021 Deputy Determination, and ADES scheduled a telephonic hearing with an ADES Administrative Law Judge ("ALJ") for August 24, 2021. Notice for that hearing stated the issue as merely "Whether you are eligible for PUA under section 2102 of the CARES act." Campillo appeared, testified and was the only witness. The ALJ asked Campillo if she had received the exhibits for the hearing and she replied she had not. The ALJ verified Campillo's address but asked nothing more about the missing exhibits. Instead, he read the list of pre-marked exhibits and asked if there was an objection to considering them. Campillo did not object.

¶6            The ALJ asked Campillo questions on a variety of topics. She testified that she was employed part-time from 2018 to March 2020, earned $13.00 an hour and did not file income tax returns for those years. Campillo testified she did not receive W-2s or 1099 forms from that employment. According to Campillo, the documentation supporting her self-certified prior employment was the letter from the company verifying her employment which was entered into the hearing record. Campillo testified she lost that job because the owner had to close the business when the state declared the pandemic emergency and restricted business activities. Campillo also testified her 11-year-old child's school was closed at the same time she was laid off. The ALJ issued a decision stating that Campillo lacked credibility because she failed to provide written documentation to support her testimony.

¶7            Campillo appealed the ALJ's decision to the Appeals Board, which found no material error in the ALJ's findings and adopted the ALJ's decision as its own. The Board stated that Campillo failed to prove her eligibility for PUA, noting that Campillo had not produced any documentation from her prior employment nor "a lease that verified her [Arizona] address." The Board also cited the IP address issue stating, "[Campillo]'s claim for PUA benefits was filed from an IP address that was

outside the United States" and that "[Campillo] was unable to explain the reason" as to why her claim was seemingly filed from outside the United States.

¶8        Campillo applied to this Court for an appeal under A.R.S. § 41-1993(B). This Court granted the application and appointed pro bono counsel.

## DISCUSSION

¶9        In response to the COVID-19 pandemic in early 2020, Congress passed the CARES Act of 2020, 15 U.S.C. § 9001-9141, which includes a section for PUA. 15 U.S.C. § 9021. The federal government provided a grant of funds to be administered by state unemployment benefits agencies. PUA was a temporary program designed to provide limited benefits during 2020 to those who did not qualify for regular unemployment benefits and had exhausted all other available benefits but had lost a job due to COVID-19. *Id.* at § 9021(a)(3)(A)(i) and (c)(2). Availability of PUA benefits began on January 27, 2020, and ended on September 6, 2021. *Id.* at § 9021(c)(1)(A).

¶10        PUA was intended "to mitigate the economic effects of the COVID-19 pandemic." U.S. Dep't of Lab., Unemployment Insurance Program Letter No. 16-20 at 1 (April 5, 2020); *accord* 15 U.S.C. § 9021(a)(2). Eligibility was available only to those workers who were ineligible for regular unemployment (including exhaustion of standard benefits) but were "otherwise able to work and available for work . . . except that [they] were] unemployed, partially unemployed, or unable or unavailable to work" due to one of eleven specified reasons. 15 U.S.C. § 9021(a)(3)(A)(i) and (ii). These reasons included that the worker had to quit a job due to COVID-19 and that the worker's child could not attend school due to COVID-19. *Id.* at § 9021(a)(3)(A)(ii)(I)(dd) and (ii). The statute required that applicants provide "self-certification" of their unemployment for one of the listed reasons. *Id.* at § 9021(a)(3)(A)(ii). Before February 2021, there was no explicit requirement to provide documentation supporting self-certification. Congress amended the CARES Act to require new applicants and those receiving benefits after January 31, 2021, to provide "documentation to substantiate [prior] employment." Consolidated Appropriations Act, 2021, Pub. L. No. 116-260, § 241(b), 134 Stat. 1182, 1960 (2020).

¶11        Review of Campillo's appeal is authorized under A.R.S. § 41-1993(B), which provides those aggrieved by an Appeals Board decision a

means by which they can have Board decisions reviewed consistent with statute and rules for civil actions. A decision will be deemed an abuse of discretion if it is not supported by substantial evidence or is contrary to law. *Simmons v. Arizona Dep't of Econ. Sec.*, 254 Ariz. 109, 111, ¶ 10 (App. 2022).

## I. CAMPILLO WAS NOT PROVIDED PROPER NOTICE OF THE REASONS THAT HER CLAIM WAS DENIED.

**¶12** The Deputy Determination's only rationale for denying Campillo's claim was that she was ineligible for PUA because her claim came from an IP address outside of the United States (a rationale ADES has conceded was improper). Prior to her hearing to challenge that ruling, Campillo had no notice that the veracity of her previous employment verification or current address would be issues to be addressed. Because she was not on notice that those issues would be the subject of her hearing, she was not afforded an adequate opportunity "to present evidence and argument with respect [to those issues]." A.R.S. § 23-674(A). Accordingly, ADES violated Campillo's procedural due process rights by failing to adequately notify her why it terminated her benefits and by failing to give her an opportunity to present evidence and "be heard . . . in a meaningful manner" on those issues. *Salas v. Ariz. Dep't of Econ. Sec.*, 182 Ariz. 141, 143 (App. 1995); *see also Hendricks v. Ariz. Dep't of Econ. Sec.*, 229 Ariz. 47, 49, ¶ 12 (App. 2012) (noting that a benefits applicant must be "afforded reasonable notice to provide an opportunity to prepare for a hearing.")

## II. THE RECORD SUPPORTS CAMPILLO'S PUA CLAIM.

**¶13** ADES concedes error regarding the foreign IP address as grounds for disqualification. Nevertheless, ADES argues that there are other grounds supporting the denial of PUA benefits—primarily, Campillo's alleged failure to prove that she was unemployed as a direct result of COVID-19 as required by the CARES Act. In arguing this factor, ADES takes issue with the primary evidence for her prior employment— the undated letter from her former employer. But Campillo was not required to provide anything but self-certification of her unemployment due to COVID-19. 15 U.S.C. § 9021(a)(3)(A)(ii)(I). Moreover, when pressed by ADES, she also presented evidence from her employer noting the reason she was no longer employed, and Campillo presented testimonial evidence about the closure of her child's school. ADES presented no contrary evidence. Its only argument is that Campillo's evidence was insufficient.

**¶14** Both the Employers Response and the letter Campillo presented as evidence consistently state that Campillo was laid off in mid-

March 2020. Campillo testified she lost that job because the owner had to close the business when the state declared the pandemic emergency and restricted business. While the Employers Response is silent about the reason for the lay-off, the letter contains a statement from her employer that it was due to the pandemic. Both exhibits contain names, phone numbers, physical addresses, and email addresses specific to the business. These exhibits were material, relevant, and substantial to the issue of whether Campillo was unemployed in March 2020 as a direct result of COVID-19. Yet, neither tribunal mentioned them in their findings. Additionally, the tribunal did not address the issue of Campillo's child being unable to attend school—another reason why she would have qualified for PUA.

¶15        The uncontested evidence of Campillo's prior employment and grounds for being laid off is substantial and adequate to support her self-certification. Campillo is entitled to PUA benefits.

**CONCLUSION**

¶16        The record contains uncontested evidence that Campillo was laid off due to COVID-19 in March 2020. The record supports her self-certification in her application for PUA benefits. Therefore, we reverse the decision of the Appeals Board.



AMY M. WOOD • Clerk of the Court
FILED:    AA